IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

THE CANTWELL FAMILY TRUST (1998) and
CANTWELL HOLDINGS, LTD.,
          Plaintiffs,

-vs-                                            Case No.  A-15-CA-414-SS

SCOTT J. HYTEN and SHERWYN HYTEN,
          Defendants.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Sherwyn Hyten's Motion to Dismiss for Lack of Personal Jurisdiction [#6]. No response has been filed. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a breach-of-contract action arising from a series of promissory notes allegedly executed by Defendant Scott Hyten in favor of Thomas Cantwell, the original holder. Thomas Cantwell subsequently assigned the notes to Plaintiffs, the Cantwell Family Trust (1998) and Cantwell Holdings, Ltd., who bring suit claiming Scott Hyten failed to deliver the promised consideration for the notes and to repay the notes as they came due. As is specifically relevant to the pending motion to dismiss, according to Plaintiffs, Thomas Cantwell and Scott Hyten agreed a piece of real property located at 821 Esslinger Drive, Huntsville, Alabama, would secure one of the promissory notes in question. *See* Compl. [#1] ¶¶ 11–12. Plaintiffs claim rather than delivering a



deed of trust or other security instrument in the property to Thomas Cantwell, Scott Hyten transferred the property to his father, Defendant Sherwyn Hyten (Sherwyn), an Alabama resident.

Plaintiffs initiated this action by filing their complaint on May 15, 2015, bringing claims for breach of contract and fraud against the Hytens. *See id.* ¶¶ 19–21. The instant motion to dismiss, filed by Sherwyn alone, followed. As Plaintiffs have failed to respond to Sherwyn's motion to dismiss, the Court GRANTS the motion as unopposed. *See* Local Rule CV-7(e)(2). Alternatively, the Court briefly turns to the merits.

## Analysis

### I. Legal Standard—Rule 12(b)(2)

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. FED. R. CIV. P. 12(b)(2). To determine whether a federal district court has personal jurisdiction over a nonresident defendant, the district court considers first whether exercising jurisdiction over the defendant comports with due process. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003). If the requirements of due process are satisfied, the court then determines whether the exercise of jurisdiction is authorized by the jurisdictional "long-arm" statute of the state in which the court sits. *Id.* Because the Texas long-arm statute has been interpreted as extending to the limit of due process, the two inquiries are the same for district courts in Texas. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE §§ 17.001–.093.

The United States Supreme Court has articulated a two-pronged test to determine whether a federal court may properly exercise jurisdiction over a nonresident defendant: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v.*

—

*Washington*, 326 U.S. 310, 316 (1945); *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). A defendant's "minimum contacts" may give rise to either specific personal jurisdiction or general personal jurisdiction, depending on the nature of the suit and defendant's relationship to the forum state. *Freudensprung*, 379 F.3d at 343. "A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state." *Id.* Even when the controversy is not related to the defendant's contacts with the forum state, however, a court may nevertheless exercise general jurisdiction over the defendant if the defendant has engaged in "continuous and systematic contacts" in the forum. *Id.* Of course, if a defendant satisfies neither of these tests, the exercise of personal jurisdiction is not proper. *Int'l Shoe*, 326 U.S. at 316.

The plaintiff has the burden of making a prima facie case by showing a defendant has sufficient "minimum contacts" with the forum state to justify the state's exercise of either specific or general jurisdiction. *Freudensprung*, 379 F.3d at 343. If the plaintiff does so, the burden shifts to the defendant to show such an exercise offends due process because it is not consistent with traditional notions of fair play and substantial justice. *Id.* When a court rules on a 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept the non-moving party's jurisdictional allegations as true and resolve all factual disputes in its favor. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999).

## II. Application

Sherwyn argues there is no basis for this Court to assert personal jurisdiction over him because he (1) has not been physically present in Texas for decades, (2) has never conducted

business in Texas, and (3) has never purposely availed himself of the benefits and protections of Texas law or otherwise established minimum contacts with the state of Texas. The Court agrees with Sherwyn.

> The sole factual allegation in Plaintiffs' complaint concerning Sherwyn is as follows:
>
> Defendant Scott Hyten represented to Thomas Cantwell . . . that the house at 821 Esslinger Drive, Huntsville, Alabama (the "Huntsville Property") would secure the $276,000.00 note. . . . No security agreement, deed of trust or similar instrument was ever given to Thomas Cantwell in the Huntsville Property. . . . What actually ensued was Scott Hyten causing title in the Huntsville Property to vest in Sherwyn Hyten, who is Scott Hyten's father, and a mortgage being taken out by the Hytens against the [Huntsville] Property from a third party lender.

Compl. [#1] ¶¶ 12–13.

First, nothing in the above allegation or in the remainder of Plaintiffs' complaint indicates any basis for the assertion of general personal jurisdiction over Sherwyn. Sherwyn, who has been physically incapacitated since approximately 2002, resides in Alabama, has never lived in Texas, does not conduct business in Texas, and has not been physically present in Texas since 1994. *See* Mot. Dismiss [#6-1] Ex. 1 (Barbara Hyten Aff.) ¶¶ 2–6. Plaintiffs make no allegation Sherwyn has continuous and systematic contacts with this forum.

Second, there is no basis for the Court to assert specific personal jurisdiction over Sherwyn. The single factual allegation regarding Sherwyn contained in Plaintiffs' complaint is directed to Scott Hyten's conduct, not Sherwyn's conduct, and does not indicate Sherwyn purposely directed any activity toward the state of Texas. Sherwyn cannot be haled into court in Texas based on his son's activities. *See John Perrott Enters., Inc. v. Kerstein*, No. Civ. SA99CA887DWS, 2000 WL 33348247, at *2 (W.D. Tex. Jan. 5, 2000) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir.

1985)) (noting the purposeful availment requirement ensures a party will not be subject to suit in a forum based on "the unilateral activity of another party or a third person").

Plaintiffs have failed to allege or demonstrate any contacts, let alone sufficient minimum contacts, between Sherwyn and the state of Texas. The Court therefore cannot assert personal jurisdiction over Sherwyn, and his dismissal from this suit is proper.

## Conclusion

Accordingly:

IT IS ORDERED that Defendant Sherwyn Hyten's Motion to Dismiss for Lack of Personal Jurisdiction [#6] is GRANTED.

SIGNED this the 2nd day of September 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE