FILED

2016 APR 20 PM 1:41

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**THE CANTWELL FAMILY TRUST (1998) and**
**CANTWELL HOLDINGS, LTD.,**
                **Plaintiffs,**

-vs-                                                   **Case No.  A-15-CA-414-SS**

**SCOTT J. HYTEN and SHERWYN HYTEN,**
                **Defendants.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs' Motion for Reconsideration Under Fed. R. Civ. P. 54(b) of Order Granting Defendant Sherwyn Hyten's Motion to Dismiss for Lack of Personal Jurisdiction [#14], Defendant Sherwyn Hyten's Response [#19] thereto, and Plaintiffs' Amended Reply [#23] in support. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a breach-of-contract action arising from a series of promissory notes allegedly executed by Defendant Scott Hyten (Hyten) in favor of Thomas Cantwell (Cantwell), the original holder. Cantwell subsequently assigned the notes to Plaintiffs, the Cantwell Family Trust (1998) and Cantwell Holdings, Ltd., who bring suit claiming Hyten failed to deliver the promised consideration for the notes and to repay the notes as they came due. Only one of the notes involved in the litigation is presently relevant: a $276,000 note (the Huntsville Note) which, according to Plaintiffs, Cantwell



and Hyten agreed would be secured by a piece of real property located at 821 Esslinger Drive, Huntsville, Alabama (the Huntsville Property).  *See* Compl. [#1] ¶¶ 11–12.  Plaintiffs claim, however, that rather than delivering to Cantwell a deed of trust or other security instrument in the Huntsville Property, Hyten transferred the Huntsville Property to Defendant Sherwyn Hyten (Sherwyn), Hyten's father and an Alabama resident.

Plaintiffs initiated this action by filing their complaint on May 15, 2015, bringing claims for breach of contract and fraud against Hyten and Sherwyn.  *See id.* ¶¶ 19–21.  Sherwyn filed his motion to dismiss on July 28, 2015, arguing this Court lacked personal jurisdiction over him.  *See* Mot. Dismiss [#6].  Plaintiffs failed to respond to the motion to dismiss; consequently, on September 2, 2015, the Court granted the motion as unopposed.  *See* Sept. 2, 2015 Order [#8] at 2. Alternatively, examining the merits of the motion, the Court found Sherwyn's motion should be granted, as Plaintiffs "failed to allege or demonstrate any contacts, let alone sufficient minimum contacts, between Sherwyn and the state of Texas." *Id.* at 5.

Plaintiffs filed the instant motion for reconsideration on March 3, 2016.  The motion is now ripe for decision.

## Analysis

### I.     Legal Standard Applicable to Plaintiffs' Motion

The Court must first resolve a preliminary battle: the parties do not agree upon the legal standard applicable to Plaintiffs' motion for reconsideration.  Plaintiffs bring the motion under Federal Rule of Civil Procedure 54(b), which gives a district court discretion to "revise[] at any time before the entry of a judgment" "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties[.]" FED. R. CIV. P.

54(b). Sherwyn, however, argues without citation to authority that Rule 54(b) "does not apply to motions to reconsider" and asks the Court to analyze Plaintiffs' motion under Rules 59(e) or 60(b). Resp. [#19] at 3.

The Court disagrees with Sherwyn. "Interlocutory orders . . . are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)). Further, "Rule 59(e) applies only to judgments[,]" and as such, is not the proper vehicle for moving to reconsider an interlocutory order. *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002). "Where, as here, the motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is the Rule 54(b) grant of discretion to the district courts." *Id.*

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court . . . [a]nd the standard would appear to be less exacting than that imposed by Rules 59 and 60." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). In examining a Rule 54(b) motion to reconsider, however, "considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* (citing *Livingston Downs*, 259 F. Supp. 2d at 475). The task of the reviewing court, therefore, is to "consider, among other things, the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant . . . , and the likelihood that the [non-movant] will suffer unfair prejudice if the case is reopened." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167,

174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (discussing Rule 59(e) considerations).

II.    **Application**

In their motion for reconsideration, Plaintiffs explain they failed to file a response to the motion to dismiss because of significant upheaval in their attorney's personal life at that time, including the serious illness of both counsel's mother and counsel's father-in-law and the illness of counsel's paralegal. Plaintiffs state counsel timely prepared a response to the motion to dismiss and believed it had been filed until January 7, 2016, when opposing counsel mentioned in an email the Court's September 2, 2015 order granting the motion to dismiss, as counsel also overlooked the Court's automatically generated electronic notice of the order. Plaintiffs urge the Court to consider the response on the merits they have attached to their motion for reconsideration.

Although Sherwyn conducts virtually all of his analysis under an improper Rule 60(b) rubric, the core of his argument is that counsel's negligence in failing to file a response is an insufficient reason to grant the relief sought, particularly given the fact it took counsel an additional two months after learning of the Court's order on January 7, 2016, to file a motion to reconsider. Further, even if the Court does consider the merits in light of Plaintiffs' new response and exhibits thereto, Sherwyn argues, his dismissal for lack of personal jurisdiction remains appropriate. *See* Resp. [#19] at 5.

As the Fifth Circuit has indicated "the importance of the omitted evidence to the moving party's case" is one relevant consideration in determining whether a motion to reconsider should be granted, *Lavespere*, 910 F.2d at 174, the Court turns to the merits of Plaintiffs' response to the motion to dismiss, newly-submitted exhibits, and proposed amended complaint, which was filed as

-4-

an exhibit to the motion for reconsideration.[1]  *See* Mot. Reconsid. [#14-3] Ex. 4-E (First Am. Compl.).  As the Court finds Plaintiffs' response does not change the outcome of the personal jurisdiction inquiry, the motion for reconsideration is denied.

In their response, Plaintiffs claim personal jurisdiction over Sherwyn is proper because Sherwyn "did business in Texas": specifically, Sherwyn loaned money to (and in at least one instance, was repaid by) Cantwell's businesses, in which his son (Hyten) was closely involved, at his son's request.  *See* Mot. Reconsid. [#14-2] Ex. 4 (Resp. Mot. Dismiss) at 1–2.  These loans, Plaintiff alleged, began in "at least 2008" and continued through some unspecified time "[s]ubsequent to November 30, 2009." *Id.*  Plaintiffs allege Sherwyn loaned "more than $1 million" to Cantwell and his businesses during this rather vaguely defined period of time, and further, that the $276,000 given to Hyten by Cantwell—and evidenced by the Huntsville Note—was intended to partially repay Sherwyn.  First Am. Compl. ¶¶ 6, 14.  As evidence of their claims, Plaintiffs point to an email chain between Cantwell and his accountant dated July 1, 2008, which references "$10K to Sherwyn," and an email chain between Cantwell, his accountant, and Hyten dated March 25, 2010, which references a $20,000 "December payroll loan" made to one of Cantwell's businesses. *Id.* Exs. 4-A, -B.[2]

---

[1] Plaintiffs have not yet separately filed their amended complaint, likely because it again names Sherwyn as a defendant despite his earlier dismissal. *See* Mot. Reconsid. [#14-3] Ex. 4-E (First Am. Compl.).  As the Court must accept the jurisdictional allegations of the complaint as true on a motion to dismiss for lack of personal jurisdiction, *see Guidry*, 188 F.3d at 625, the Court will consider the amended complaint as though it is the properly filed operative pleading in the remainder of this order.

[2] Plaintiffs also append a confidential settlement communication, arguing they may use it as evidence in support of their jurisdictional argument because such use is not prohibited by FED. R. EVID. 408.  *See* Resp. Mot. Dismiss [#14-2] at 3 n.2.  Sherwyn objects, however, on grounds the exhibit is both inadmissible hearsay and a confidential settlement communication.  *See* Resp. [#19] at 9 n.1.  The Court need not resolve the issue, however, as consideration of the communication itself would not change the Court's analysis.  Additionally, the Court has considered Plaintiffs' related factual allegations as set forth in their amended complaint, to which Sherwyn did not object and quotes at length in his response. *See id.* at 7–9.

Plaintiffs' new factual allegations and evidence, it seems to the Court, boil down to a contention this Court has personal jurisdiction over Sherwyn because Sherwyn bankrolled the businesses in which his son was closely involved. The Court agrees with Sherwyn that these alleged contacts are not the type of "continuous and systematic" contacts that demonstrate a presence in Texas sufficient to give rise to general jurisdiction. While Sherwyn's money may have been used by his son, Cantwell, and Cantwell's businesses to conduct their own business in Texas, that does not establish Sherwyn himself conducted substantial business in this forum. *See, e.g.*, *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 407 (1984) (finding no general jurisdiction despite defendant's ongoing business relationship with three joint venturers over seven years); *Central Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376 (5th Cir. 2003) (concluding defendant's contacts with Texas in routinely arranging and receiving interline shipments to and from Texas and sending salespeople to Texas on a regular basis to develop business, negotiate contracts, and service national accounts not substantial enough to support general jurisdiction). Further, Plaintiffs have not alleged any type of principal/agent relationship between the Hytens. General jurisdiction will not lie.

Plaintiffs' specific jurisdiction argument rests on their somewhat confusing contention regarding the $276,000. Again, Plaintiffs allege the $276,000 advanced by Cantwell to Hyten—which, Plaintiffs explain, must have been the sum evidenced by the Huntsville Note—was intended to partially repay Sherwyn. *See* Resp. Mot. Dismiss [#14-2] at 4–5. Hyten, however, executed the Huntsville Note, and Sherwyn is not a signatory. *See* Mot. Reconsid. [#14-3] Ex. 4-E-ii (Huntsville Note). Even if the $276,000 was indeed used by Hyten (whether actually or constructively) to partially repay Sherwyn, with Hyten then taking on the burden of repaying

-6-

Cantwell in accordance with the terms of the Huntsville Note, that does not establish that specific jurisdiction over Sherwyn is proper. Hyten, not Sherwyn, executed and was responsible for performing the Note in accordance with its terms. Thus, as alleged, the controversy regarding the Huntsville Note necessarily arises out of Hyten's conduct, not his father's. As the Court stated in its previous order, Sherwyn cannot be haled into court in Texas based on his son's activities. *See John Perrott Enters., Inc. v. Kerstein*, No. Civ. SA99CA887DWS, 2000 WL 33348247, at *2 (W.D. Tex. Jan. 5, 2000) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir. 1985)) (noting the purposeful availment requirement ensures a party will not be subject to suit in a forum based on "the unilateral activity of another party or a third person").

Because Plaintiffs' new allegations, response, and exhibits do not change the result of the personal jurisdiction inquiry, the Court finds the motion for reconsideration should be denied.

### Conclusion

Accordingly:

IT IS ORDERED that Plaintiffs' Motion for Reconsideration Under Fed. R. Civ. P. 54(b) of Order Granting Defendant Sherwyn Hyten's Motion to Dismiss for Lack of Personal Jurisdiction [#14] is DENIED.

SIGNED this the 20ᵗʰ day of April 2016.

*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE

414 mot reconsid ba.frm                                   -7-